PILE *v.* STATE.

(*Knoxville.* September 28, 1901.)

WITNESS. *Enforcement of rule.*

The rejection of a material witness for the defendant in a felony case, on the ground that he had entered the court room and heard part of the evidence, in violation of the rule, constitutes reversible error when the witness violated the rule through ignorance and without fault of himself, or the defendant or his counsel.

Case cited: Smith *v.* State, 4 Lea, 428.

---

FROM UNION.

---

Appeal in error from Circuit Court of Union County. W. R. HICKS, J.

J. C. J. WILLIAMS for Pile.

ATTORNEY-GENERAL PICKLE for State.

CALDWELL, J. Wayne Pile, the plaintiff in error, is under conviction for an assault on John Nelson, the prosecutor, with intent to commit voluntary manslaughter. A. J. Campbell, one of the State's witnesses, testified that he heard Pile, while talking with George Fox, sometime before the encounter, make a violent threat against Nelson. Pile offered

Pile *v.* State.

to contradict that testimony, *in toto*, by George Fox, but the Court refused to permit Fox to be examined, because he had heard some of the State's evidence and had not been under the rule with the other witnesses. An investigation disclosed the fact that Fox resided some distance from the county seat; that he was not present when the Court commenced, and was not expected for some hours; that he arrived late in the day, but sooner than was anticipated, and went into the court room, and there remained, as he supposed it was his duty to do, and that this occurred without the knowledge of the defendant or his counsel. This disclosure, in our opinion, made a clear and obvious case for the admission of the proposed testimony. The intended witness was entirely without fault, and so were the defendant and his counsel. The testimony rejected was very material to the defense and might have changed the result. Such being true, the testimony should, undoubtedly, have been admitted. *Smith* v. *State*, 4 Lea, 428.

Reverse and remand for a new trial.